MEMORANDUM *
United States Border Patrol Agents Colon-Escobar and Viera apprehended Ap *60 pellant Efren Mendoza-Sandoval near Naco, Arizona. The government charged him with illegal re-entry after deportation and the case proceeded to trial. Mendoza-Sandoval sought certain jury instructions as part of his defense, but the district court declined to give them. The district court also allowed re-direct examination testimony that Mendoza-Sandoval believes was improper, and denied his motion for mistrial absent a curative instruction regarding this testimony. Mendoza-Sandoval appeals these decisions. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
We review the denial of a defendant’s jury instruction due to an inadequate factual basis for an abuse of discretion, see United States v. Wills, 88 F.3d 704, 715 (9th Cir.1996) (citation omitted), but review de novo the denial of a jury instruction based on a question of law, United States v. Wiseman, 274 F.3d 1235, 1240 (9th Cir.2001) (citation omitted). We review a district court’s denial of a motion for mistrial for an abuse of discretion. See United States v. Hagege, 437 F.3d 943, 958-59 (9th Cir.2006) (citation omitted).
1. Mendoza-Sandoval argues that the district court improperly failed to present the jury with his proposed official restraint jury instruction. We affirm the district court’s action. Mendoza-Sandoval’s argument in favor of the instruction hinged on the fact that Mendoza-Sandoval could have been observed by the Naco Station camera array, even though he presented no evidence that (a) the cameras recorded the entry, or (b) any Border Patrol Agent saw the footage of his entry.
We find no support for Mendoza-Sandoval’s argument that the mere potential for observation equates to official restraint. Further, we find no evidence of official restraint in the record. If there is evidence of official restraint in the record, the government bears the burden of proving that the defendant was not restrained in order to obtain a guilty verdict; if there is no evidence, a jury instruction is not warranted. United States v. Castellanos-Garcia, 270 F.3d 773, 778 (9th Cir.2001). Mendoza-Sandoval argues that United States v. Bello-Bahena, 411 F.3d 1083 (9th Cir.2005), controls and entitles him to the instruction. We disagree. In Bello-Bahena, the government could not show when the Border Patrol agent first observed the defendant, and the court held that a jury could reasonably infer that the agent trained his night scope at the border and first observed Bello-Bahana there. Id. at 1090. Accordingly, the court found there was evidence to support the instruction and that Bello-Bahana was entitled to it. Id. at 1091.
The jury could not reasonably have drawn a similar inference here. Agent Kaweeki testified that he first observed Mendoza-Sandoval’s group as it traveled approximately two miles north of the U.S.Mexico border and that he knew of no previous observation. Mendoza-Sandoval presents no evidence that anyone saw him cross the border; he instead offers mere conjecture of the possibility that the Naco Station camera array recorded his entry. As in Castellanos-Garda, Mendoza-Sandoval cannot present even “a scintilla of evidence to support [his] theory; mere speculation by [Mendoza-Sandoval] is not evidence.” Castellanos-Garda, 270 F.3d at 776. Accordingly, neither the law nor the record supports the proposed jury instruction.
2. Mendoza-Sandoval asked the district court to instruct the jury that it may “consider testimony that the govern *61 ment or its agents either failed to preserve or destroy[ed] or discarded relevant evidence as affirmative evidence of the weakness of the government’s case.” The district court did not give the proposed instruction; Mendoza-Sandoval contends it was “necessary and proper to protect his rights to due process.” We affirm the district court’s decision.
Mendoza-Sandoval rightly asserts that law enforcement agencies violate a defendant’s due process rights when they fail to preserve evidence that “possess[es] an exculpatory value that was apparent before the evidence was destroyed and [is] of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably attainable means.” California v. Trombetta, 467 U.S. 479, 489, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984). Unless a criminal defendant can show bad faith on the part of law enforcement, however, “failure to preserve potentially useful evidence does not constitute a denial of due process.” Arizona v. Youngblood, 488 U.S. 51, 58, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988).
Mendoza-Sandoval’s argument fails because (1) he offers nothing beyond conjecture to show that the videotapes contained exculpatory evidence, and (2) he cannot show that the Border Patrol acted in bad faith when it followed established guidelines for recording over them, see, e.g., United States v. Heffington, 952 F.2d 275, 280 (9th Cir.1991) (police destruction of potentially exculpatory evidence was in good faith and in accordance with established departmental procedures). Accordingly, the district court did not abuse its discretion when it denied Mendoza-Sandoval the jury instruction.
3. Despite being denied a pre-trial motion on the matter, Mendoza-Sandoval sought a jury instruction regarding the voluntariness of incriminating statements he made to Border Patrol agents during his field interview. The district court declined to issue the instruction. We affirm.
The district court ruled on Mendoza-Sandoval’s motion to suppress his incriminating statements for lack of voluntariness; Mendoza-Sandoval now seeks our blessing to have the jury decide this question anew. The admissibility of Mendoza-Sandoval’s statements is a question for the court, rather than the jury. Lego v. Twomey, 404 U.S. 477, 489-90, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972). We see no reason to “require that both judge and jury pass upon the admissibility of evidence,” id. at 490, 92 S.Ct. 619, and thus we will not require the district court to give a jury instruction on the issue of voluntariness when the court previously found Mendoza-Sandoval’s confession voluntary as a matter of law.
4. Mendoza-Sandoval argues that he was denied a fair trial because the district court allowed the jury to make an inference that Mendoza-Sandoval’s attorney “dropped the ball” by not requesting the Naco Station tapes. Mendoza-Sandoval argues that the jury’s resulting “perception of [his] lawyer” violates his Sixth Amendment right to effective representation of counsel. The district court denied Mendoza-Sandoval’s motion for mistrial. We affirm.
The district court allowed Agent Kaw-ecki’s re-direct examination testimony because Mendoza-Sandoval’s attorney (1) knew that the Border Patrol had a policy in place to record over videotapes after eight days, (2) knew the tapes were rerecorded pursuant to this policy, and (3) nevertheless interviewed Kawecki on cross examination in an attempt to draw an inference that the government committed misconduct by “destroying” them. Accordingly, the district court allowed the re *62 direct testimony so the government could rebut the inference that the Border Patrol acted improperly. This kind of evidentia-ry decision is within the district judge’s discretion, and Mendoza-Sandoval has not presented any facts that warrant upending the district judge’s reasoning.
In addition, no case law supports Mendoza-Sandoval’s position that the jury’s perception of his lawyer creates an ineffective assistance of counsel claim (neither does Mendoza-Sandoval cite any case in support of this proposition). Accordingly, the district court’s decision to allow the testimony and to deny Mendoza-Sandoval’s motion for mistrial was based on the law, and the court cannot be said to have abused its discretion.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided *60 by 9th Cir. R. 36-3.